## MISSOURI UTILITIES CO. v. CITY OF CALIFORNIA et al.
### No. 641.

District Court, W. D. Missouri, Central Division.

April 29, 1936.

Fordyce, White, Mayne & Williams, of St. Louis, Mo., for plaintiff.

L. P. Embry, of California, Mo., for defendants.

OTIS, District Judge.

The matter submitted is defendants' motion to dismiss the bill. A summary of the bill, sufficient for present purposes, is as follows:

The plaintiff had and still has an electric generating plant and distribution system in the defendant city of California. In that city a municipal lighting plant was constructed with the proceeds of the sale of municipal bonds voted for that purpose by the city, supplemented by a grant of money by the United States. The bonds referred to were sold to the United States. The construction of the municipal plant was completed November 26, 1934, and it was then put in operation. Plaintiff alleges in its bill that the construction of the municipal plant was illegal on various grounds, that, consequently, its operation is illegal, and prays an injunction against its continued operation and for damages alleged to have been suffered by plaintiff from its operation since November 26, 1934.

Somewhat vaguely it appears from the face of the bill that this is the second time plaintiff has sought injunctive relief against the defendant city in connection with this same municipal lighting plant.

The motion to dismiss presents inter alia three grounds for dismissal: (1) The issues submitted by the bill are res adjudicata; (2) the bill shows no property right in plaintiff to be protected by injunction; (3) the bill on its face shows such laches as to preclude the granting of the equitable relief prayed. Discussion of certain of these contentions will require, in the proper places, some further statement of the allegations of the bill.

### 1. Are the Issues Res Adjudicata?

If the little that is pleaded touching the earlier proceeding may be supplemented (and that I shall discuss hereafter) by judicial notice of the nature of that proceeding, the issues in it, and the judgment rendered, then it must be ruled that the issues

submitted by the present bill are res adjudicata. These matters fully are set out in the opinion written in connection with the earlier proceeding. Missouri Utilities Co. v. City of California et al. (D.C.) 8 F.Supp. 454.

In that case this plaintiff sought to have enjoined the construction of the municipal plant in California on the same grounds on which it seeks now to have enjoined the operation of that plant (to which an additional ground now is added). The injunctive relief sought then was denied; the bill was dismissed (November 2, 1934) for that it stated no grounds entitling plaintiff to an injunction restraining the construction of the plant. From the decree dismissing the proceeding, plaintiff appealed. The Circuit Court of Appeals dismissed the appeal. 79 F.(2d) 1003. It was after that dismissal the present bill was filed.

The explanation of the filing of the present bill is this: The Eighth Circuit Court of Appeals, deciding Arkansas-Missouri Power Co. v. City of Kennett, 78 F. (2d) 911, August 15, 1935, ruled that the contract entered into between Kennett and the Public Works Administration for obtaining federal funds for the construction of the municipal lighting plant at Kennett was invalid as involving an illegal delegation of power by Kennett. A similar contract was entered into between California and the Public Works Administration in connection with the construction of the municipal plant at California. But, in the original proceeding, the plaintiff presented no such ground in support of its prayer for an injunction. The court's opinion did not discuss that question. Counsel for plaintiff (the same counsel as in the original proceeding) believe now, since the opinion in the Kennett Case was handed down, that had they made the contention in the original proceeding which prevailed with the Court of Appeals in the Kennett Case, the plaintiff's bill might not have been dismissed and an injunction against construction of the municipal plant might have issued.

Unfortunately this acquisition of legal learning came too late to be used in the attempt to prevent construction of the municipal plant at California. But, "what though the field be lost, all is not lost," if the battle to prevent construction ended in final victory for California, a new battle may be initiated to prevent operation of that which was constructed! To this battle newly begun, the plaintiff will bring up the artillery that before unwisely it left behind.

But the original proceeding to prevent construction was a proceeding to prevent operation. The plaintiff was not interested in preventing the mere construction of a municipal lighting plant at California except for that if it were not constructed it could not be operated in competition with plaintiff's plant. A decree that California lawfully could construct its plant was a decree that lawfully it could operate what was constructed for the purpose for which it was constructed. By that decree the issue of right to operate finally was adjudicated, none the less so because the plaintiff did not then advance a contention it could have and ought to have then advanced.

The conclusion stated is reached, however, only when the record in the original proceeding has been considered. The original proceeding barely is mentioned in this present bill. The door is opened only for a little peep at the skeleton hanging in the closet and then slammed quickly shut. Nor is the power of judicial notice strong enough to unlock and swing wide that door.

Judicial notice supplies facts which otherwise must be proved, but only when the stage of proving facts is reached. That an issue made by a bill is res adjudicata is a defense which must be pleaded and then proved. That proof may be supplied through judicial notice. But judicial notice cannot force into a plaintiff's bill those facts which have not been alleged, which, if they had been alleged, would show the issues raised already have been adjudicated.

The first contention made by defendants in their motion to dismiss must then now be resolved against them.

2. Does Plaintiff Have a Property Right?

[5, 6] Certainly if plaintiff has no property right to sell electric current in California which is threatened by the competition of the municipal plant it has no standing to ask injunction of the operation of that plant. What property right then does plaintiff have?

Plaintiff alleges in its bill that it has a certificate of convenience and necessity from the Public Service Commission of Missouri to sell and distribute electric current in California. It does not allege that it has a franchise from California and it

was conceded at the oral argument that it does not have a franchise. The franchise it once had has expired.

Unless the plaintiff has both (1) a certificate of convenience and necessity and (2) a franchise, it has no property right such as it must have to maintain its bill. That, without both, it has no property right was decided squarely by the Supreme Court of Missouri in State ex rel. City of California v. Missouri Utilities Company, —— S.W.(2d) ——[1] (not yet reported). The judgment in that case ousted this very plaintiff from the use of the streets of California for its local distribution system and ended any chance of competition by plaintiff either with the municipal plant or some other privately owned plant.

Nothing in City of Campbell v. Arkansas-Missouri Power Company (C.C.A.8) 55 F.(2d) 560, cited by plaintiff's counsel, conflicts with the opinion and decision of the Missouri Supreme Court. In the Campbell Case the power company had a franchise. Nor does anything in Frost v. Corporation Commission, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483, also cited, conflict with the Missouri decision. In that case it was ruled that the certificate of convenience and necessity, under the facts there, was a franchise.

Since the bill fails to show a property right in plaintiff, the motion to dismiss should be sustained on that ground unless the plaintiff may maintain it as a taxpayer.[2]

### 3. Matter of Laches.

This bill was filed February 4, 1936. It alleges that the construction of the municipal plant at California was commenced in August, 1934, and that the operation of the plant begun November 26, 1934. So far as appears from the allegations of the bill, the plaintiff stood by for more than fourteen months after the operation now complained of began before taking any step to prevent that operation. That, however, would not be laches, absent any showing that the defendant city was in some way prejudiced by the delay. But it appears from the bill that the plaintiff had full knowledge of the city's plans long before its bonds were sold and construction of its plant commenced. If it took no step to

prevent the expenditure of the city's funds in construction of a plant, but stood by and awaited its completion and then waited for fourteen months thereafter before taking action, its laches would be glaring. The prejudice then to the defendant city would be obvious.

To circumvent this conclusion, plaintiff in its bill makes the vague references to the earlier proceeding hereinbefore referred to, seeking to steer its craft between Scylla and Charybdis. If it fully describes the original proceeding, it is dashed upon res adjudicata. If it insufficiently sets it out, it is wrecked by laches. Perhaps no pilot could find a safe channel here. Certainly plaintiff's pilot has not found it. If the craft misses Scylla by a hair's breadth (as is intimated in subdivision 1 of this opinion), it goes down against Charybdis.

The only references in the present bill to an earlier proceeding are these: (In paragraph 8) "during the year of 1933 and prior to the filing of its bill of complaint against the city * * * to restrain said city from erecting the municipal plant," and (in paragraph 10) "that the bill of complaint in equity case 622 was filed on September 28, 1934; that on November 2, 1934, defendants' motions to dismiss were sustained."

In these gray shadows there is no substance of facts that, added together, sum up as diligence. Did the plaintiff really file a bill to restrain the erection of the municipal plant? There is a hint of it but no outright allegation. What was "Equity Case 622?" We are not told.

Finding nothing then in these shadows, we must find that, so far as the bill alleges, the plaintiff took no action in court to prevent the construction of the plant, the operation of which, after its construction, it now would stop. This is laches at its apogee.

### 4. Taxpayer Theory.

At the oral argument it was contended by plaintiff's learned counsel that even although plaintiff might have no property right to protect, nevertheless plaintiff, being a taxpayer, was, as such, entitled to an injunction against the operation of the municipal plant. It is alleged that the plain-

---

[1] Rehearing and motion to transfer to Court en Banc pending.

[2] In Missouri Utilities Co. v. City of California (D.C.) 8 F.Supp. 454, it was assumed, without discussion, that the plaintiff had a property right sufficient to support an injunction if otherwise entitled to that relief.

tiff is a taxpayer of the city of California, but there is no allegation that the operation of the plant has resulted or will result in any increase of plaintiff's taxes or, if so, in what amount (so that it may be determined that the jurisdictional amount is involved in the controversy).

### Order.

The motion of defendants to dismiss the bill, having been duly considered by the court and the court being fully advised in the premises, is, for the reasons stated in the foregoing memorandum opinion, sustained. The bill is dismissed. It is so ordered.

An exception is allowed the plaintiff.